UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80860-Cannon/McCabe

ANGEL ROSARIO,

     Plaintiff,

v.

TRANSUNION LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon.  (DE 23, DE 27).  For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

## I.    BACKGROUND

This is a pro se case against a consumer reporting agency.  The Court accepts the following facts as true, taken from Plaintiff's Second Amended Complaint ("SAC").  (DE 22).  Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  (DE 22 ¶ 4).  In or around May 2024, Plaintiff obtained his credit report from Defendant, a copy of which is attached to the SAC.  (DE 22-1 at 1).  The SAC alleges that the credit report contained "inconsistent," "incorrect," and "inaccurate" information concerning six different credit card accounts.  (DE 22 ¶¶ 7.A, 7.B, 7.C, 7.D, 7.E, 7.F).  In support of these allegations, the SAC attaches a five-page letter that Plaintiff wrote to Defendant in June 2024, identifying over 60 issues for which Plaintiff requested correction or deletion.  (DE 22-1 at 4-8).

Approximately one month later, in July 2024, Plaintiff obtained a follow-up copy of his credit report, and Defendant had failed to correct or delete the issues identified in the letter.  (DE 22 ¶¶ 8, 14, 16; DE 22-1 at 9).  Based on the above, Plaintiff alleges the following counts:

| Count | Claim |
|---|---|
| 1 | Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). |
| 2 | Violation of the FCRA, 15 U.S.C. § 1681i(a). |
| 3 | Negligence |

## II.    LEGAL STANDARD

By way of this Motion, Defendant seeks dismissal of all three counts of the SAC pursuant to Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although courts hold pro se pleadings to a "less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), the Court has no obligation to "re-write" a pro se complaint to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).  Thus, when it appears that no construction of

the factual allegations will support the cause of action, the Court should order dismissal of the complaint. *Marshall Cnty. Bd. Of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.   DISCUSSION

Defendant raises several arguments in support of dismissal, each of which the Court will address in turn.

### A.   Shotgun Pleading

Defendant first argues that the SAC should be dismissed as an impermissible "shotgun pleading." (DE 23 at 4). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings commonly suffer from one or more of the following deficiencies:

(1)     they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;

(2)     they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

(3)     they do not separate each cause of action into a different count; and

(4)     they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.* at 1323-24.

After careful review, the Court finds that the SAC does not qualify as a shotgun pleading. Rather, the SAC gives Defendant adequate notice of the claims alleged in this case. In particular, the SAC alleges that Plaintiff's credit report contained "inconsistent," "incorrect," and

"inaccurate" information concerning six different credit card accounts.  (DE 22 ¶¶ 7.A, 7.B, 7.C, 7.D, 7.E, 7.F).  In support of these allegations, the SAC attaches a five-page letter that Plaintiff wrote to Defendant in June 2024, identifying over 60 issues for which Plaintiff requested correction or deletion.  (DE 22-2).  In the Court's view, Defendant has received adequate notice of the claims alleged here.

### B.      FCRA Claims

Defendant next seeks dismissal of Counts 1 and 2 (the FCRA claims) for failure to state a claim upon which relief can be granted.  (DE 23 at 5-6).  Count 1 alleges a violation of § 1681e(b) of the FCRA, which provides as follows:

> (b) Accuracy of report
>
> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).  To state a claim under § 1681e(b), Plaintiff must allege facts that show (1) Defendant published an inaccurate consumer report to a third party, (2) Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of its reports, and (3) Defendant's failure to follow reasonable procedures caused actual damages to Plaintiff.  *See Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009).

Count 2 alleges a violation of § 1681i(a) of the FCRA, which provides as follows:

> (a)  Reinvestigations of disputed information
>
> (1)  Reinvestigation required
>
> (A)  In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the

4

> agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a).  To state a claim under § 1681i(a), Plaintiff must allege facts that show (1) his credit report contained inaccurate or incomplete information, (2) he notified Defendant of the alleged inaccuracy, (3) the dispute is not frivolous or irrelevant, (4) Defendant failed to respond or conduct a reasonable reinvestigation of the disputed items, and (5) the failure to reinvestigate caused Plaintiff to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.  *See Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011).

Defendant raises two arguments concerning Plaintiff's failure to satisfy the elements of these claims.  The Court will address each argument in turn.

### 1.    Inaccurate Information

Defendant first urges the Court to dismiss Counts 1 and 2 because Plaintiff failed to allege facts that show his credit report contained false or inaccurate information.  (DE 23 at 5, DE 26 at 3-4).  The Court agrees that both § 1681e(b) and § 1681i(a), as a threshold matter, require Plaintiff to allege facts that show false or inaccurate information in his credit report.  *See, e.g.*, *Alexander v. Certegy Check Servs., Inc.*, No. 8:16-CV-859-17, 2016 WL 5843176, at *3 (M.D. Fla. Oct. 4, 2016) (noting that "[t]o establish a violation of either provision, a plaintiff must make a threshold showing that the credit reporting agency reported or maintained inaccurate information").

The Court disagrees, however, that Plaintiff failed to make the necessary allegations.  The SAC alleges multiple times that Plaintiff's credit report contained "inconsistent," "incorrect," and "inaccurate" information concerning six different credit card accounts.  (DE 22 ¶¶ 7.A, 7.B, 7.C, 7.D, 7.E, 7.F).  In support of these allegations, the SAC attaches a five-page letter that Plaintiff

wrote to Defendant identifying over 60 issues for which Plaintiff requested correction or deletion. (DE 22-1 at 4-8). Though much of the letter consisted merely of questions, other portions squarely alleged inaccuracy. As to the Self Financial account, for example, Plaintiff complained that Defendant reported a late payment on "03/2023." (DE 22-1 at 7). Plaintiff disputed the accuracy of this assertion, claiming "[a]ll my payments were made on time." (DE 22-1 at 7). At the motion-to-dismiss stage, the Court accepts this assertion to be true.

As to other portions of the letter, the Court cannot determine accuracy at the motion-to-dismiss stage. As to the First Premier Bank credit card, for example, the credit report indicated that Plaintiff made timely monthly payments for nineteen months and that he ended with a balance of $980. (DE 22-1 at 1). The credit report further showed that Plaintiff had a "Last Payment Made" date of "12/13/22" with a "Payment Received" amount of "$0." (DE 22-1 at 1). The report is unclear as to the meaning of "Payment Received." Plaintiff assumes the term refers to the amount of the "Last Payment Made," and he challenged the accuracy of the report in his letter, asking "How can a payment be $0." (DE 22-1 at 5).

This pattern repeated itself four more times in the credit report as to credit cards issued by Opportun 02XX, Opportun 96XX, Possible Financial, and Wells Fargo. (DE 22-1 at 2-3). In each example, Defendant reported that Plaintiff made a number of timely payments, that he ended with a significant balance, that he made a last payment on a date certain, and that his "Payment Received" was $0. (DE 22-1 at 2-3).

The Court suspects that Plaintiff may be misinterpreting the meaning of the term "Payment Received." The Court has searched the credit report itself and cannot find instructions for interpreting this term. It remains unclear whether the term refers to the Payment Received since the last update to the credit report, *or* to the Payment Received over the life of the account, *or* (as

6

Plaintiff suggests) to the Payment Received at the time of the Last Payment Made, *or* to some other matter altogether.  The Court anticipates that, at some later point in the case, Defendant will explain the term or offer parol evidence as to its meaning.  In the meantime, viewing all allegations in the light most favorable to Plaintiff, the Court finds Plaintiff's allegations of falsity and inaccuracy sufficient to survive dismissal.

### 2.      Defendant's Internal Procedures

Defendant next argues that Counts 1 and 2 fail to make sufficient allegations concerning Defendant's internal "procedures." (DE 23 at 6).  As Defendant points out, to state a plausible claim under § 1681e(b), Plaintiff must include facts that show Defendant failed to follow reasonable "procedures" to ensure maximum possible accuracy of its reports.  *See Ray*, 327 F. App'x at 826.  Likewise, to state a plausible claim under § 1681i(a), Plaintiff must include facts that show Defendant failed to conduct a reasonable "reinvestigation" of disputed items.  *See Lazarre*, 780 F. Supp. 2d at 1334.  Defendant argues the SAC contains nothing more than boilerplate allegations concerning Defendant's investigation and reinvestigation procedures and, as such, Counts 1 and 2 should be dismissed.  (DE 23 at 6).

The Court disagrees.  In the Court's view, a plaintiff in a credit reporting case need not make a full description of the inner workings of a credit agency to survive dismissal.  Instead, a complaint must merely contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.  Applying that standard here, the Court finds the SAC alleges sufficient factual matter, taken as true, to support a plausible claim that Defendant failed to employ reasonable investigation and reinvestigation procedures.  Among other allegations, Plaintiff alleges he wrote a five-page letter to Defendant in June 2024, identifying over 60 issues for which he requested correction or deletion, and that Defendant failed to make any of

the requested corrections or deletions. (DE 22-2; DE 22 ¶¶ 8, 14, 16).  Defendant may well prove, at later stages of the case, that Plaintiff's letter was misguided, that Defendant employed reasonable investigation and reinvestigation procedures, and that Plaintiff's case lacks merit.  In the meantime, this Motion should be denied.

## III.    RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 23) be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of October 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE